IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) |
| v. | ) 3:11CV 309 ) |
| TRINITY HEALTH CORPORATION, | ) COMPLAINT ) |
| | ) JURY TRIAL DEMAND ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 and the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Becky Thompson and others who were adversely affected by such practices. As alleged with greater particularity in paragraph eight below, the Commission alleges that Defendant has a policy of refusing or discontinuing severance payments to employees/former employees who file an EEOC charge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the

"ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. "§§ 216(c) and 217.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and the ADEA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Trinity Health Corporation ("Trinity") has continuously been a Michigan corporation doing business in the State of Indiana and the City of South Bend, in addition to conducting business in other cities and states and has continuously had at least 15 employees.

5. At all relevant times, Defendant Trinity has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance

with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Becky Thompson filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant Trinity. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least February 2008, Defendant Employer has engaged in unlawful employment practices in violation of Section 704 (a) of Title VII, 42 U.S.C. § 2000e-(3)(a) and Section 4(d) of the ADEA, 29 U.S.C. § 623(d). The unlawful employment practices include the refusal to provide severance payments/benefits or the discontinuance of severance payments/benefits to employees or former employees who file EEOC charges.

9.  The effect of the practices complained of in paragraph seven above has been to deprive Becky Thompson and other similarly situated persons of equal employment opportunities, and otherwise adversely affect their status as employees because they exercised their rights under Title VII of the Civil Rights Act of 1964 and/or the Age Discrimination in employment Act.

10. The unlawful employment practices complained of in paragraph eight above were intentional.

11. The unlawful employment practices complained of in paragraph eight above were done with malice and with reckless indifference to the federally protected rights of Becky Thompson and other similarly situated persons.

12. The unlawful employment practices complained of in paragraph eight above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its subsidiaries, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on retaliation and any other employment practice which discriminates on the basis of having filed a charge with the Commission or otherwise invoking the protections of Title VII or the ADEA or assisting others in doing so.

B. Order Defendant Employer and its subsidiaries to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals who have filed a charge with the Commission or who otherwise avail themselves of the protections of Title VII or the ADEA or assist others in doing so, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Becky Thompson, by providing severance payments with prejudgment interest and liquidated damages in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the compensation for past and future pecuniary and nonpecuniary losses including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D. Order Defendant Employer to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to the payment of severance

payments with prejudgment interest, liquidated damages and compensation for past and future pecuniary and nonpecuniary losses including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    E.    Order Defendant Employer to pay Becky Thompson and others harmed by the practices described in paragraph eight above punitive damages for its malicious and reckless conduct, in amounts to be determined at trial.

    F.    Order Defendant Employer to provide Becky Thompson and other persons harmed by the practices described in paragraph eight above all non-monetary relief that they were entitled to receive under their severance agreements, including but not limited to job search assistance.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*[signature]*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*[signature]*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*[signature]*
NANCY DEAN EDMONDS
Senior Trial Attorney,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN  46204
(317) 226-7229
Fax: (317) 226-5571
nancy.edmonds@eeoc.gov

USDC IN/ND case 3:11-cv-00309-RLM-CAN   document 1   filed 08/04/11   page 6 of 6