IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | 3:11-cv-309 RLM |
| v. | ) | |
| TRINITY HEALTH CORPORATION | ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

Civil Action No. 3:11-cv-309 was instituted by the Equal Employment Opportunity Commission ("EEOC" or "Commission") pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. "§§ 216(c) and 217.  The Commission's action was brought to correct alleged unlawful employment practices on the basis of retaliation.  The Commission's action alleged that Trinity Health Corporation ("Trinity") has a policy of refusing or discontinuing severance payments to employees/former employees who file an EEOC charge.  Trinity denies that it engaged in any unlawful policy or practice, and it denies liability in this action.  This Consent Decree shall not constitute a finding of liability.  The EEOC's cause finding on the charge underlying this lawsuit is not hereby affected or modified.

The EEOC and Trinity have advised this Court that they desire to resolve Civil Action 3:11-cv-309 and EEOC charge no. 470-229-02124 without the burden and expense of further litigation.  The Commission and Trinity hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action.

It is, therefore, the finding of this Court, based on the pleadings and the record as a whole that the applicable requirements of Title VII and the ADEA will be carried out by the implementation of this Decree, and this Decree resolves the issues raised by the Complaint of the Commission.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

**Injunctive Relief**

1.     Defendant will not retaliate against any employee or former employee for making a charge, testifying, assisting, or participating in an investigation, proceeding or hearing, or for exercising the right to oppose any practice made an unlawful employment action by Title VII or the ADEA.

2.     Defendant will not require, as part of any Severance Agreement and General Release with employees or former employees, that the employees/former employees will not file charges with the EEOC or any state or local agency and Defendant will not institute or maintain a Severance Agreement and General Release which prohibits an employee from filing a charge with the EEOC.

3.     Defendant will not deny or delay severance payments to employees or former employees who have signed a Severance Agreement and General Release and have filed a charge with the EEOC or a state or local agency.

4.     Defendant will not require employees who have filed EEOC charges and have signed severance agreements to choose between recovery through the EEOC or receiving severance payments before receiving the severance payments. To the extent Defendant wishes to challenge the right of any employee to be paid severance as well as monetary relief through the

EEOC, Defendant agrees that any such challenge will not affect the payments made to the employee pursuant to the severance agreement in any respect.

### Monetary Relief

5.      In settlement of this dispute, as a remedial award of unpaid severance payments and interest and non-wage damages: (a) Defendant has mailed two checks to Becky Thompson: one check in the amount of $3617.40, less applicable deductions, representing unpaid severance; a second check in the amount of $470.40 representing interest.  Defendant made applicable withholdings from the severance (backpay) award for federal, state and local income taxes and for employee social security taxes pursuant to the Federal Insurance Contribution Act ("FICA"). Defendant made the employer contributions to the Social Security account of Ms. Thompson using as a basis therefor, the gross severance paid to Becky Thompson.  These checks were accompanied by a statement detailing all deductions and were mailed by certified mail to Becky Thompson at 602 Wenger St., South Bend IN 46601on October 1, 2012; (b) Defendant will mail a check to Becky Thompson, or her heirs or assigns in the event of her death, at the address set forth above in the amount of $25,000 representing non-wage damages after receiving the signed release described below.  Defendant will issue a Form 1099 to Ms. Thompson for this payment.

6.      Upon entry of this Decree, the EEOC will forward a release (Appendix A) to Ms. Thompson for her execution.  When the executed release is received, the EEOC will transmit to defense counsel, by facsimile or email, a copy thereof.  Defendant shall then issue the check described in paragraph 5(b) to Becky Thompson within 5 (five) business days of receiving a copy of the executed release.  Proof of delivery shall be sent to the Commission within 15 days of mailing said check.  Upon receipt of proof of delivery, the EEOC shall forward the original release to counsel for Trinity.

**Posting, Training and Distribution of Anti-Retaliation Policy**

7.      Within five (5) business days after the entry of the Decree, Defendant shall post the Notice of Non-Discrimination and Retaliation Policy attached as Appendix B to this Decree in a conspicuous place at St. Joseph Regional Medical Center and at its corporate headquarters.  Said notice shall remain posted throughout the term of this Decree.

8.      Within thirty (30) days after the entry of the Decree, the Defendant agrees to post in a prominent location on its intranet homepage an anti-discrimination and retaliation policy which includes the right to file a charge with the EEOC.  All present employees and all employees subsequently hired throughout the duration of this Decree shall be notified that the anti-discrimination and retaliation policy appears on Defendant's intranet home page.

9.      During the pendency of this Decree, Defendant shall also distribute the Notice of Non-Discrimination and Retaliation Policy (Appendix B) to any individual who is offered a Severance Agreement.

10.      Within sixty (60) days after the entry of this Decree, Defendant agrees to begin to train all Human Resources (OTE) professionals at all of its facilities on Defendants' anti-discrimination and retaliation policy, specifically including the right of employees who sign severance agreements to file charges with the EEOC without losing their entitlement to their severance payments.  Those professionals who have already received training on this subject need not be retrained; any individuals who join the department during the period of time set forth in paragraph 14 below will be trained on this subject matter.  Defendant will certify to EEOC annually that such training has taken place.

**Reporting and Monitoring**

4

11.      Defendant agrees to submit a report to EEOC detailing its compliance with this Decree.  Within sixty (60) days after the entry of this Decree, Defendant will certify to the EEOC Regional Attorney that the Notice of Non-Discrimination and Retaliation Policy (Appendix B) has been posted at St. Joseph Regional Medical Center and at Trinity's corporate headquarters. Defendant will provide EEOC with a copy of the policy prohibiting discrimination and retaliation and an explanation of where it has been posted on its intranet home page.  Defendant will also report to the EEOC in accordance with paragraphs 6 and 10.  The reports shall be sent to the attention of Laurie A. Young, Regional Attorney, or her successor, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204.

12.      The Defendant agrees that the Commission may review compliance with this Decree.  As part of such review, the EEOC may inspect the premises, interview employees, examine and copy documents upon reasonable notice when the EEOC has reason to believe that such is necessary.

### Miscellaneous Provisions

13.      In the event that EEOC alleges that a violation of this Decree has occurred, prior to exercising any remedy provided by law, EEOC will give notice in writing thereof, specifically identifying the alleged violation to Defendant.  Defendant will have thirty (30) days in which to investigate and respond to the allegation.  Thereafter, the parties will have a period of thirty (30) days, or such additional period as may be agreed upon by them, in which to negotiate and confer regarding such allegation, before Plaintiff exercises any remedy provided by law.

14.      The term of this Decree shall be for two years following the date of entry of this Decree.

15.      All parties will bear their own costs.

16.     The Court shall retain jurisdiction of this cause throughout the duration of this Decree for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.


___December 18, 2012___            ___/s/ Robert L. Miller, Jr.___
Date                                Judge, U.S. District Court



Copies to:

Nancy Dean Edmonds
Equal Employment Opportunity Commission
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204

Barbara B. Brown
Paul Hastings LLP
875 15th St. N.W.
Washington D.C. 20005

David B. Gunsberg
David B. Gunsberg PC
322 North Old Woodward
Birmingham, MI 48009

<u>RELEASE</u>

In consideration of the payment to me by Trinity Health Corporation ("Trinity") of $25,000, and in consideration of the Consent Decree agreed to by the Equal Employment Opportunity Commission and Trinity in Civil Action 3:11-cv-309-RLM entered by the Court on the _____ day of _____, 2012, of which this Release is a part, I, Becky Thompson, hereby fully and forever release and discharge Trinity, its subsidiaries, successors, assigns, and insurers, including its present and former directors, officers, employees and agents, from any claim or obligation based on alleged retaliation in violation of Title VII, which was or could have been raised in Civil Action No. 3:11-cv-309-RLM.

I have read this Release and I execute it voluntarily, without coercion or threat of reprisal.

IN WITNESS WHEREOF, this Release is signed and executed by me on the_____ day of _____, 2012.

_____

APPENDIX A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Indianapolis District Office

101 West Ohio Street
Suite 1900
Indianapolis IN 46204-4203
PH: (317) 226-7212
TDD: (317) 226-5162
FAX: (317) 226-7953

**EMPLOYEE NOTICE**
**NOTICE TO ALL EMPLOYEES**

**This Notice is posted pursuant to an agreement between Trinity Health Corporation and the United States Equal Employment Opportunity Commission.**

1. Federal law requires that there be no retaliation against any employee or applicant for employment because they have filed an EEOC charge, made an informal complaint of discrimination based on race, color, religion, sex, national origin, age (over 40), disability or genetic information or participated in an EEOC or other investigation of a discrimination complaint.

2. Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Genetic Information Nondiscrimination Act ("GINA") prohibits employers from retaliating against employees because of they have engaged in any of the protected activities listed above.

3. It has been held to be a violation of Federal law for an employer to require, as part of any Severance Agreement and General Release with employees or former employees, that the employees/former employees will not file charges with the EEOC or any state or local agency. Trinity's Severance Agreement and General Release does not and will not condition receipt of severance on an agreement not to file a charge with the EEOC or a state or local agency.

4. Trinity Health Corporation will comply with such Federal law in all respects and will not take any actions against employees because they have exercised their rights under Title VII, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA") or the Genetic Information Nondiscrimination Act ("GINA").

5. An employee or applicant may contact the U.S. Equal Employment Opportunity Commission at the address listed above for the purpose of filing a charge of employment discrimination.

**THIS IS AN OFFICIAL NOTICE AND SHALL NOT BE DEFACED BY ANYONE**

This notice must remain posted for two (2) years from the date of posting and may not be altered, defaced or covered by any other material.

8

APPENDIX B